IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01332-DDD-NYW

LAKISHA L. RICHARDSON,

    Plaintiff,

v.

CARL'S JR.,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Motion to Quash Service ("Motion to Quash" or the "Motion") filed by Defendant By the Rockies, L.L.C. d/b/a Carl's Jr. ("By the Rockies" or "Defendant")[1] [Doc. 15, filed September 27, 2021]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated October 5, 2021 [Doc. 23], and the Memorandum dated October 5, 2021 [Doc. 34]. Upon review of the Motion to Quash, the entire court docket, and the applicable case law, this court finds that oral argument will not materially assist in resolving the issues before it and respectfully **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Quash, with leave for Plaintiff to re-serve the Summons and Complaint.

## BACKGROUND

Plaintiff Lakisha L. Richardson ("Ms. Richardson" or "Plaintiff") initiated this action by filing an Employment Discrimination Complaint ("Complaint") on May 14, 2021 against "Carl's

---

[1] In the Motion, Defendant represents that By the Rockies, and not "Carl's Jr.," is the proper Defendant in this action. *See* [Doc. 15 at 1]. This issue is discussed further below.

Jr.," alleging that she experienced discrimination on the basis of her race and sex in violation of Title VII of the Civil Rights Act of 1964. *See* [Doc. 1]. That same day, Ms. Richardson filed an Application to Proceed in District Court without Prepaying Fees or Costs, [Doc. 2], which the court granted, *see* [Doc. 6, filed July 29, 2021]. On May 15, 2021, the Honorable Gordon P. Gallagher ordered Ms. Richardson to cure the deficiencies in her Complaint related to the "Statement of Claim(s)" section thereof. *See* [Doc. 4]. Plaintiff did not respond to Judge Gallagher's Order and, accordingly, Judge Gallagher issued a Second Order Directing Plaintiff to Cure Deficiencies. [Doc. 5, filed June 24, 2021]. While Plaintiff did not respond to Judge Gallagher's Second Order Directing Plaintiff to Cure Deficiencies, upon further initial review, Judge Gallagher determined that Plaintiff had attached a notice of right to sue, dated February 19, 2021, and construed Plaintiff's claim as follows:

> I began my employment as a Cashier on or about August 4, 2014 and continued in this position until on or about March 7, 2019. In or around March 2018 until the end of my employment I received little to no front-end assistance from my non-black peers or management during rush hour services. On or about February 14, 2019 my female non-black manager alleged I was a lesbian and persistently encouraged to me to engage in a relationship with my female friend. When I failed to respond to her comments, I started receiving made-up disciplinary actions. On or about February 22, 2019 I notified my district manager of the events that had occurred. On March 7, 2019 I was terminated from my employment.
>
> I believe that I have been discriminated against because of my race (Black) and on the basis of my sex (female), and that I was terminated in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Doc. 7 at 2]. He then ordered the case to be randomly drawn to a presiding judge and when appropriate to a magistrate judge. *See* [Doc. 7].

On September 22, 2021, the United States Marshals Service attempted service of Plaintiff's Complaint and Summons at the Carl's Jr. restaurant located at 497 South Wadsworth Boulevard, Lakewood, Colorado 80226 ("Wadsworth location"), *see* [Doc. 12], which is the same address

provided by Plaintiff in the Summons in this action, *see* [Doc. 1-2]. On September 27, 2021, By the Rockies filed the instant Motion to Quash Service [Doc. 15] pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). On September 29, 2021, the court ordered Ms. Richardson to respond to the Motion to Quash by October 27, 2021. *See* [Doc. 18]. Ms. Richardson responded to the Motion to Quash on October 26, 2021, [Doc. 27], and By the Rockies replied on November 10, 2021, [Doc. 28]. The Motion is thus ripe for disposition.

## LEGAL STANDARD

Under Rules 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4." *Richardson v. Alliance Tire & Rubber Co.,* 158 F.R.D. 475, 477 (D. Kan. 1994) (quoting 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1353 (2d ed.1990)). "Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. United States,* 198 F.3d 260, 260 (10th Cir. 1999) (citing Fed. R. Civ. P. 12(b)(4)–(5)).

"A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery," while a motion made under Rule 12(b)(5) "challenges the mode or lack of delivery of a summons and complaint." *Gallan v. Bloom Business Jets, LLC*, 480 F. Supp. 3d 1173, 1178 (D. Colo. 2020) (quoting *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)). Proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit[.]"). Without proper service, the court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992); *see also* 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.) ("[T]he actual existence of personal

3

jurisdiction should be challenged by a Rule 12(b)(2) motion. A few courts have noted this distinction between the motions, but the cases indicate that it generally is quite acceptable to question the court's jurisdiction by a motion objecting to service of process.").

In opposing a motion to dismiss under Rules 12(b)(4) and 12(b)(5), the "plaintiff bears the burden of making a prima facie case that [she] has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Lopez v. Colorado*, No. 19-cv-00684-WJM-MEH, 2020 WL 2309558, at *19 (D. Colo. Jan. 7, 2020) (quoting *Allen v. United Props. & Const., Inc.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008)). In doing so, "the plaintiff must demonstrate that the procedure employed by [her] to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Gallan*, 2020 WL 4904580, at *2 (quoting *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018)). "The parties may submit affidavits and other documentary evidence for the Court's consideration, and the plaintiff is entitled to the benefit of any factual doubt." *Lopez*, 2020 WL 2309558, at *19 (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). Importantly, "the court retains broad discretion to extend the time for service even when the plaintiff has not shown good cause." *Sarnella*, 2018 WL 1444210, at *1 (citing *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995)); *see* Fed. R. Civ. P. 4(m).

## ANALYSIS

Defendant advances three arguments in support of its Motion to Quash. First, Defendant argues that the court lacks personal jurisdiction because service of process was not effected on a registered agent (or equivalent) of By the Rockies. *See* [Doc. 15 at 1, 3–4]. Specifically, Defendant argues that "Plaintiff attempted to serve the Summons and Complaint by delivering, via marshal, a copy of the Summons and Complaint to the Carl's Jr. restaurant located at 497 South

4

Wadsworth Blvd." and "[n]o one at the 497 South Wadsworth Boulevard Carl's Jr. is authorized to receive service for By the Rockies." [*Id*. at 4]. Relatedly, Defendant states the General Manager at the Wadsworth location "informed the process server it was not By the Rockies," and "the process server left the summons on a dining room table" anyway. [*Id.* at 2].

Second, Defendant asserts that "the form of Summons is insufficient because it is addressed to 'Carl's Jr.,' which is not the correct name of By the Rockies, LLC"; and because it identifies Defendant's address as the Wadsworth location, "the location where the alleged incident occurred," which is "not a proper location for service of process because it is not the address of By the Rockies's registered agent in Colorado." [*Id*. at 4–5].

Third, Defendant argues that Plaintiff did not timely serve the Summons and Complaint because "the date of the purported service, September 10, 2021, is more than 90 days after Plaintiff filed her complaint on May 14, 2021," and thus the "purported service was untimely pursuant to Fed. R. Civ. P. 4(m)." [*Id*. at 5–6]. [2] Defendant seeks dismissal of the action based on these procedural flaws. *See generally* [*id.*].

**I.      Insufficient Process Under Rule 12(b)(4) – Naming of Carl's Jr. as Defendant**

Although argued second, this court first addresses Defendant's argument that the form of summons is deficient pursuant to Rule 12(b)(4) and, therefore, warrants dismissal of Plaintiff's Complaint. By the Rockies states that under Rules 4(a)(1)(A) and (B) of the Federal Rules of Civil Procedure, a summons "must include the Defendant's correct name and address" and "if the defendant must be served through an agent, the summons should name the agent for service and

---

[2] Defendant also advanced an additional argument in its Motion—that "service cannot be verified without proof of service, which Plaintiff has not provided." [Doc. 15 at 6 (capitalization omitted)]. On October 18, 2021, By the Rockies filed a Notice of Withdrawal of Proof of Service Argument from Motion to Quash [Doc. 26] seeking to withdraw this argument after discovering that "Plaintiff had indeed filed her proof of service on September 22, 2021." [Doc. 26 at 1].

state the proper address of the agent." [Doc. 15 at 4 (citing Fed. R. Civ. P. 4(a)(1)(A)–(B), 4(h)(1)]. The Return of Service [Doc. 12] indicates that service by the United States Marshals was effected upon "Carl's Jr." located at "497 South Wadsworth Blvd Lakewood, CO 80226." [Doc. 12 at 1]. Defendant argues that "the form of Summons is insufficient because it is addressed to 'Carl's Jr.,' which is not the correct name of By the Rockies, LLC" and because it identifies Defendant's address as the Wadsworth location, which is "not a proper location for service of process because it is not the address of By the Rockies's registered agent in Colorado." [Doc. 15 at 4–5]. In support of its argument, Defendant attaches a printout from the Colorado Secretary of State's website which reflects the address of By the Rockies's registered agent, Duane Layton, is 5151 W Wagon Trail Rd, Littleton, CO 80123. *See* [Doc. 15-1]. Defendant argues that, because Plaintiff has named the wrong party (the franchisor) and identified the wrong address for service of process (the address of the restaurant at which she worked), her complaint should be dismissed under Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure. [Doc. 15 at 5].

The Summons reflects "Carl's Jr" as Defendant, with an address of 497 South Wadsworth Blvd., Lakewood, CO. 80226." [Doc. 1-2 at 1]. The Charge of Discrimination also names "Carl's Jr." with the same South Wadsworth Boulevard address and contains allegations regarding her employment at the restaurant at that location. [Doc. 1 at 12]. In her Response to the Motion to Quash, Plaintiff states "I Lakisha L. Richardson filed this lawsuit against Carl's Jr by the Rockies." [Doc. 27 at 2]. Ms. Richardson also states that she attempted to serve Defendant at a particular restaurant location and represents that she has encountered the registered agent for By the Rockies at that restaurant location. *See* [*id.*]. Based on these assertions, this court concludes that Plaintiff intended to name the franchisee, By the Rockies, and not the franchisor, Carl's Jr., and her identification of Carl's Jr. as Defendant is a mistake in form, but not in substance. *Cf. United*

6

*States v. Caris Life Scis., Inc.*, No. 3:10-CV-02237-P, 2013 WL 11579021, at *13 (N.D. Tex. Oct. 23, 2013) ("Rules 12(b)(4) and 12(b)(5) are violated when a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form.). While By the Rockies is correct that Rules 4(a)(1)(A) and (B) of the Federal Rules of Civil Procedure require that, for a summons to be proper, it must include the Defendant's correct name and address, *see* [Doc. 15 at 4], "[a]s a general rule the misnomer of a corporation in a notice, summons, … or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled." *J.L. v. Best W. Intl., Inc.*, 521 F. Supp. 3d 1048, 1074 n. 7 (D. Colo. 2021) (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)); *see also* 4A Fed. Prac. & Proc. Civ. § 1088 (4th ed.) (Oct. 2020 update) (dismissal is generally unwarranted absent indication that "the error actually results in defendant's prejudice or demonstrates a flagrant disregard of the requirements of [Rule 4]"). By the Rockies does not claim it was misled nor does it allege any prejudice.

Under these circumstances, the court finds that dismissal based on Rule 12(b)(4) is not appropriate. Rather, this court **DIRECTS** the Clerk of the Court to correct the caption of this case to reflect "By the Rockies, L.L.C. d/b/a Carl's Jr." as Defendant. *See Garrett v. Fleming*, 362 F.3d 692, 696–97 (10th Cir. 2004) ("[T]he Advisory Committee Notes to Rule 15(c)(3) indicate that "the mistake proviso [was included] … in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" (quoting *Wayne v. Jarvis,* 197 F.3d 1098, 1103 (11th Cir.1999)).

**II.   Insufficient Service of Process Under Rule 12(b)(5) – Service Not Affected on a Registered Agent of By the Rockies and Untimely**

Defendant also challenges Plaintiff's service of process as improper under Federal Rule of Civil Procedure 4(h)(1) in part because it was not affected on a registered agent (or equivalent) of

7

By the Rockies—which Defendant indicates is the proper Defendant, *see* [Doc. 15 at 3]—and because it was not served within the requisite time under Federal Rule of Civil Procedure 4.

Pursuant to Rule 12(b)(5), the court may dismiss a complaint for insufficient service of process. *See* 5B Fed. Prac. & Proc. Civ.3d § 1353 (2008 Supp.) ("A Rule 12(b)(5) motion is the proper vehicle for challenging" the sufficiency of the service of process, *i.e.,* "the mode of delivery or lack of delivery of the summons and complaint."). "Examples of insufficient service include serving the wrong person or serving an individual not authorized to accept service for a defendant." *See Allen v. United Properties and Const., Inc.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008).

***Service on a Corporate Defendant.***  Federal Rule of Civil Procedure 4(h)(1) provides that, unless a defendant waives service, service must be made "in a judicial district of the United States in the manner prescribed for individuals by" Rule 4(e)(1), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Rule 4(e)(1) states, "[u]nless otherwise provided by federal law, service upon an individual … may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or where service is made."  Under Colorado law, service of process on a limited liability company may be made by delivering a copy of the summons "to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of [Colorado] or of any other jurisdiction or that agent's secretary or assistant." *See* Colo. R. Civ. P. 4(e)(4).  A registered agent may be served in the same manner as a natural person, that is, "at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent." *Goodman v. Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 316 (Colo. 2010) (quoting Colo. R.

Civ. P. 4(e)(1)). "The serving party bears the burden of proving the validity of service of process." *Williams v. US Airways/Am. W. Airlines*, No. 08-cv-00853-CMA-CBS, 2009 WL 528573, at *6 (D. Colo. Feb. 27, 2009) (brackets, citations, and internal quotation marks omitted). "Objections to the sufficiency of process must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *Benton v. Town of S. Fork & Police Dep't*, No. 12-cv-00336-CMA-KMT, 2013 WL 69189, at *1 (D. Colo. Jan. 7, 2013) (citations and internal quotation marks omitted). Any factual disputes regarding service are to be construed and resolved in favor of the plaintiff. *See id.*

Defendant states that service here was made on the General Manager at the Wadsworth location, who is not authorized to accept service of process on By the Rockies's behalf. *See* [Doc. 15 at 2]. Further, Defendant represents that "[n]o one at the 497 South Wadsworth Boulevard Carl's Jr. is authorized to receive service for By the Rockies." [*Id.* at 4]. As mentioned above, Defendant attaches a printout from the Colorado Secretary of State's website which reflects the address of By the Rockies's registered agent, Duane Layton, is 5151 W Wagon Trail Rd, Littleton, CO 80123. *See* [Doc. 15-1].

In her Response, Plaintiff does not argue, nor does she attempt to demonstrate, that the General Manager at the Wadsworth location had any authority, whether actual or apparent, to accept service on behalf of Defendant. Plaintiff's assertion that "[c]ourt [p]apers [l]eft [a]t the [b]usiness" constitutes "sufficient" service, [Doc. 27 at 2], cannot establish such authority, which "must be established by an act of the principal." *Pytlik v. Professional Res. Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). And Plaintiff has not established how or why the General Manager's job title, without more, renders him authorized to accept service of process on behalf of Defendant. *Thrasher v. Rocky Mt. Auto Brokers, Inc.*, 18-cv-02342-PAB-KMT, 2019 WL 4695831, at *2 (D.

9

Colo. Sept. 25, 2019) ("A general manager is not one of the individuals enumerated in Rule 4(h) who may accept service, and listing Rodriguez as such does not cloak him in apparent authority to accept service on behalf of defendant."). Thus, Plaintiff's service of process on "Carl's, Jr." at the Wadsworth location is not service on By the Rockies, which in turn does not effectuate valid service on Defendant.

*Time for Service of Summons.* Defendant also requests that the court dismiss Plaintiff's Complaint because Plaintiff failed to properly serve Defendant within the requisite time frame under Federal Rule of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4(m) requires service to be accomplished within 90 days after filing of the complaint. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for an appropriate period." *Id*. Here, Plaintiff filed the Complaint on May 14, 2021, making August 12, 2021 the Rule 4(m) deadline. At the time of Defendant's Motion to Quash, one-hundred thirty-six (136) days had passed since the Complaint was filed, and forty-six (46) days had elapsed since the expiration of the Rule 4(m) deadline.

In her Response, Plaintiff suggests that service on Defendant was proper because the process server placed the documents on the table in the presence of the General Manager at the Wadsworth location and "[c]ourt [p]apers [l]eft [a]t the [b]usiness" constitutes sufficient service. *See* [Doc. 27 at 1]. However, even assuming service was made on the proper Defendant—which, as discussed above, it was not—Plaintiff does not address the date on which such service was effected, September 10, 2021, *see* [Doc. 12]. Indeed, the date that the United States Marshals left

10

the Summons and Complaint at the Wadsworth location was still thirty (30) days past the Rule 4(m) deadline. Thus, I respectfully agree with Defendant that service here was untimely, but note that because Ms. Richardson proceeds *in forma pauperis*, service is performed by the United States Marshals, Fed. R. Civ. P. 4(c)(3), and Plaintiff has no control over the availability or timing of the United States Marshals to complete such service. Nevertheless, without proper service, the court lacks personal jurisdiction over a defendant. *See Okla. Radio Assocs.*, 969 F.2d at 943.

Notwithstanding the above-mentioned insufficiencies with Plaintiff's service of process, the court finds that such issues are curable and thus dismissal without leave to amend would be inappropriate at this juncture. "While Rule 12(b)(5) permits dismissal of an action for improper service of process, that remedy is not absolutely required." *Allen*, 2008 WL 4080035, at *10. "The technical requirements of Rule 4 should be construed liberally in those cases where the defendant had actual notice of the pending suit." *Id*. "In such cases, 'every technical violation of the rule or failure of strict compliance may not invalidate the service of process.'" *Id*. (quoting *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003)). Thus, "[w]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Thrasher*, 2019 WL 4695831, at *3 (quoting *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983)). "The [c]ourt 'has broad discretion to quash defective service and retain the case, especially where the [c]ourt may reasonably conclude that the plaintiff will ultimately be able to serve the defendant properly.'" *Id*. (citing *Bey v. Clark*, No. 17-cv-01594-WJM-MEH, 2018 WL 994048, at *7 (D. Colo. Feb. 21, 2018)).

Here, although the General Manager at the Wadsworth location was not authorized to accept service for Defendant, the attempt of service on him nevertheless gave Defendant notice of the lawsuit, as shown by Defendant's filing the instant Motion to Quash. Further, Defendant has

11

not alleged any prejudice resulting from ineffective service. *See Li Cheng v. Sushi Aji, Inc.*, No. 17-cv-01732-MEH, 2017 WL 4772817, at *3 (D. Colo. Oct. 23, 2017) (defendant's actual notice of suit and lack of prejudice resulting from insufficient service warranted quashing service and allowing plaintiff opportunity to re-serve); *Culwell v. Walgreens Co.*, No. 14-cv-01771-RM-CBS, 2015 WL 1887255, at *2 (D. Colo. Apr. 24, 2015) (attempted service on store manager insufficient but curable); *see also Shields v. Duncan*, No. 14-cv-02231-RM-MEH, 2015 WL 2453038, at *2 (D. Colo. May 21, 2015) (attempted service on individual who represented he was authorized to accept service for defendant corporation, but where nothing in the record indicated individual was a proper person for receipt of service, was insufficient but curable). Indeed, Ms. Richardson indicates that "I have encounted [sic] Duane at 497 South Wadsworth Blvd. Lakewood CO 80226. This will be sent to 5151 W. Wagon Trail Rd. Littleton Co." [Doc. 27]. Finally, this court notes that Plaintiff proceeds pro se and based on its review of the docket, appears to be diligently pursuing this action. For these reasons, the court finds it appropriate to allow Ms. Richardson an opportunity to effectuate proper service of process on By the Rockies.

Based on the foregoing, service of process of the Summons and Complaint by Ms. Richardson was defective. Accordingly, Defendant's Motion to Quash is **GRANTED IN PART**, with leave for Plaintiff to cure the defects identified **herein,** and **DENIED IN PART** insofar as Defendant seeks dismissal.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Defendant By the Rockies, L.L.C. D/B/A Carl's Jr.'s Motion to Quash Service [Doc. 15] is **GRANTED IN PART** insofar as the current Summons is **QUASHED** for improper service and **DENIED IN PART** for all other relief requested;

(2) The Clerk of Court is **DIRECTED** to amend the caption in this action to reflect that the correct name for Defendant is "By the Rockies, L.L.C. d/b/a Carl's Jr." and the Parties shall use this corrected caption moving forward;

(3) Because Plaintiff proceeds *in forma pauperis*, the court **ORDERS** the United States Marshals to serve Defendant By the Rockies L.L.C. through its registered agent located at 5151 W. Wagon Trail Road, Littleton, Colorado 80123;[3] and

(4) A copy of this Order shall be sent to:

> Lakisha L. Richardson
> PO Box 140461
> Edgewater, CO 80214[4]

DATED: November 23, 2021

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[3] This court respectfully advises Defendant to consider the waiver of service in this action, given the requirements of Rule 4(d) of the Federal Rules of Civil Procedure.

[4] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

13