## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.  1:21-CV-01332-DDD-NYW

LAKISHA L. RICHARDSON,

       Plaintiff,

v.

BY THE ROCKIES, LLC, d/b/a CARL'S JR.,

       Defendant.

---

## DEFENDANT'S ANSWER TO COMPLAINT

---

Defendant, By the Rockies, LLC d/b/a Carl's Jr., ("By the Rockies"), through undersigned counsel, hereby responds to Plaintiff's Complaint [Doc. 1] ("Complaint") as follows:

### RESPONSE TO SECTIONS OF COMPLAINT

### A.    PLAINTIFF INFORMATION.

By the Rockies admits that the Plaintiff in this case is Lakisha L. Richardson.  Upon information and belief, By the Rockies admits that Plaintiff's mailing address is P.O. Box 140461 Edgewater, CO 80214.  By the Rockies admits that Plaintiff may be reached by telephone at the number provided and by email at the email address provided.  By the Rockies denies all remaining allegations.

### B.    DEFENDANT INFORMATION.

By the Rockies denies that the Defendant in this action is Carl's Jr.  By the Rockies denies that the address for its corporate office, registered agent, or any holdings is 497 South Wadsworth Blvd, Lakewood, CO 80226.  By the Rockies denies that its telephone number is 303-350-8818.

C.       JURISDICTION.

By the Rockies admits that Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").  By the Rockies admits that Title VII implicates federal questions, and that the Court has jurisdiction over federal questions.  By the Rockies denies engaging in any unlawful employment practices.  By the Rockies denies all remaining allegations.

D.       STATEMENT OF CLAIMS.

1.  **Claim One:  Retaliation – Sex, Race**

a.  By the Rockies denies that it engaged in retaliation on the basis of sex or race against Plaintiff in violation of Title VII.  By the Rockies denies all remaining allegations.

b.  Supporting Facts:  The Complaint contains a section under Claim One entitled "Supporting facts."  Plaintiff provided no supporting facts.

2.  **Claim Two:  Retaliation – Sex, Race**

a.  By the Rockies denies that it engaged in retaliation on the basis of sex or race against Plaintiff in violation of Title VII.  By the Rockies denies all remaining allegations.

b.  Supporting Facts:  The Complaint contains a section under Claim Two entitled "Supporting facts."  Plaintiff provided no supporting facts.

E.       ADMINISTRATIVE PROCEDURES.

This section of the Complaint indicates that Plaintiff filed a charge of discrimination against By the Rockies with the Equal Opportunity Commission or any other federal or state agency, and that Plaintiff received a notice of right to sue; it contains no allegation to which a response is required.  To the extent a response is required, By the Rockies admits that Plaintiff

2

filed a charge of discrimination against By the Rockies with the Equal Employment Opportunity Commission and received a notice of right to sue.  By the Rockies denies all remaining allegations.

 **F.**  **REQUEST FOR RELIEF.**

 This section of the Complaint contains Plaintiff's prayer for relief; it contains no allegation to which a response is required.  To the extent a response is required, By the Rockies denies that it engaged in any discrimination or retaliation against Plaintiff.  By the Rockies admits that Plaintiff submitted a complaint to By the Rockies.  By the Rockies denies engaging in harassment of Plaintiff and it denies subjecting Plaintiff to a hostile work environment.  By the Rockies denies that Plaintiff is entitled to any relief whatsoever.  Plaintiff denies all remaining allegations.

 **G.**  **PLAINTIFF'S SIGNATURE.**

 This section of the Complaint contains no allegation to which a response is required.  To the extent a response is required, By the Rockies denies that the Complaint complies with Fed. R. Civ. P. 11.

**RESPONSE TO CHARGE OF DISCRIMINATION,**
**AS CONSTRUED TO CONSTITUTE PLAINTIFF'S CLAIM**

 On July 30, 2021, the Court determined that Plaintiff "presented a clear and concise complaint in the Charge of Discrimination, ECF No. 1 at 12," which Charge was attached to the Complaint ("Charge'"). *See* Order (July 30, 2021) (Doc. 7) ("Order") (citing ECF No. 1 at 12). By the Rockies, therefore, responds to the allegations in the Charge, as construed by the Court to constitute Plaintiff's claim.  *See* Order.  For ease of reference, By the Rockies numbers those allegations, reproduces them in italics below, and responds to them in turn as follows:

 1. *I began my employment as a Cashier on or about August 4, 2014 and continued in this position until on or about March 7, 2019.*

**Response:  By the Rockies admits that Plaintiff began working with By the Rockies in 2014, but denies her employment began in August. By the Rockies admits that Plaintiff's employment with By the Rockies ended on March 7, 2019, but denies that Plaintiff had continuous employment with By the Rockies between 2014 and March 7, 2019. By the Rockies denies the remaining allegations contained in paragraph 1.**

2.      *In or around March 2018 until the end of my employment I received little to no front-end assistance from my non-black peers or management during rush hour services.*

**Response: By the Rockies denies the allegations contained in paragraph 2.**

3.      *On or about February 14, 2019 my female non-black manager alleged I was a lesbian and persistently encouraged to me [sic] to engage in a relationship with my female friend.*

**Response: By the Rockies denies the allegations contained in paragraph 3.**

4.      *When I failed to respond to her comments, I started receiving made-up disciplinary actions.*

**Response: By the Rockies admits that Plaintiff received discipline in the months preceding March 7, 2019. By the Rockies denies that these actions were "made-up" or that the actions were taken in response to any event besides poor performance. By the Rockies denies the remaining allegations contained in paragraph 4.**

5.      *On or about February 22, 2019 I notified my district manager of the events that had occurred.*

**Response: By the Rockies admits that Plaintiff submitted a complaint to the district manager; however, By the Rockies denies that Plaintiff submitted that complaint on February 22, 2019.**

6.      *On March 7, 2019 I was terminated from my employment.*

**Response: By the Rockies admits that it discharged Plaintiff on March 7, 2019.**

7.      *I believe that I have been discriminated against because of my race (Black) and on the basis of my sex (female), and that I was terminated in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.*

**Response: By the Rockies admits that Plaintiff identifies herself as a Black female. By the Rockies denies the remaining allegations contained in paragraph 7.**

## GENERAL DENIAL

By the Rockies denies all conclusions of law, prayers for relief, and allegations contained in Plaintiff's Complaint and/or Charge that have not been specifically admitted in this Answer.

## JURY DEMAND

By the Rockies demands a jury trial for all claims so triable.

## DEFENSES

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.      To the extent any of Plaintiff's claims were not specifically and timely raised before, and investigated by, the Equal Employment Opportunity Commission ("EEOC") and/or the Colorado Civil Rights Division ("CCRD"), Plaintiff failed to exhaust administrative remedies; Plaintiff's claims are barred to the extent they are based on any administratively unexhausted alleged incidents of discrimination or retaliation.

3.      Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

4.      To the extent any of Plaintiff's claims fall outside of the applicable statute of limitations, they are time-barred.

5.      By the Rockies' conduct was not the proximate cause of Plaintiff's alleged injury or injuries.

6.      By the Rockies' actions were by lawful means and for a lawful purpose.

7.      To the extent Plaintiff's claim is based on alleged disparate treatment, her claim is barred because any alleged disparate treatment was undertaken pursuant to factors other than a protected class.

8.      All employment actions by By the Rockies were reasonable and were taken in a good faith effort to comply with federal and/or state law.

9.      By the Rockies had legitimate, non-discriminatory business reasons for its employment decisions affecting Plaintiff.

10.     Plaintiff's claim is barred to the extent she failed to report any alleged discrimination or retaliation or otherwise avoid harm by following By the Rockies' applicable policies, rules, and procedures.

11.     Plaintiff did not have a good faith basis for complaining of discrimination or retaliation.

12.     Plaintiff's claim may be barred, in whole or in part, by after-acquired evidence.

13.     Plaintiff's claim for damages is barred or limited by statutory limitations.

14.     Plaintiff has failed to mitigate damages, if any.

15.     Plaintiff's claim is substantially frivolous, vexatious, and groundless; therefore, By the Rockies is entitled to its attorney fees and costs.

By the Rockies specifically reserves the right to amend its Answer to include additional defenses and/or affirmative defenses or to remove defenses and/or affirmative defenses that become non-applicable upon completion of additional discovery.

WHEREFORE, By the Rockies, having fully answered the Complaint and having denied that Plaintiff is entitled to any relief whatsoever, requests that the Court enter its Order:  (a) dismissing the Complaint with prejudice; (b) awarding By the Rockies its attorneys' fees as allowed under applicable contractual, statutory, or common law authority; (c) awarding By the Rockies the costs of this action; and (d) granting such other and further relief as the Court deems proper.

Respectfully submitted this 16th day of December, 2021.

**GORDON REES
 SCULLY MANSUKHANI, LLP**


*/s/ Ann C. Purvis*
Anna M. Reinert, Esq.
Ann C. Purvis, Esq.
Hannah E. Engle, Esq.
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
areinert@grsm.com
apurvis@grsm.com
hengle@grsm.com

*Attorneys for By the Rockies, LLC, d/b/a Carl's Jr.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 16, 2021, a true copy of the above and foregoing **DEFENDANT'S ANSWER TO COMPLAINT** was electronically filed with the Clerk of the United States District Court using the CM/ECF system and served upon the following by depositing a true and correct copy by U.S. First Class Mail, postage pre-paid and address to:

Lakisha Richardson
P.O. Box 140461
Edgewater, CO 80214
Privatecleanig@yahoo.com
720-717-9333

*Plaintiff, Pro Se*


_/s/ Ya Bratcher_____
For Gordon Rees Scully Mansukhani, LLP